IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROSEZENA S. BROWN      *

    Plaintiff,      *

    v.      *      CIVIL ACTION NO. ELH-17-2579

BARCLAY COMPUTER SCHOOL, *et al*.      *

    Defendants.      *

*****

## MEMORANDUM

On September 6, 2017, Rosezena Brown, the self-represented plaintiff, filed suit against multiple defendants, pursuant to this court's federal question jurisdiction. ECF 1. The complaint was accompanied by a motion for leave to proceed in forma pauperis. ECF 2. In her statement of claim Ms. Brown alleged, ECF 1 at 7:

> [D]estroy Credit.
> Never was able to buy a home
> focus to live certain places because of credit
> Student loan's not mine!
> Show The checks That was Return – when attending school.
> Return the $1,000 – Back to school
> back at loan – leaving loan $1,250

In her suit, plaintiff asks the court to "stop them from garnishing my disability check" and to "return money that they have taken . . . ."

On September 8, 2017, the court granted Ms. Brown leave to proceed in forma pauperis and ordered Ms. Brown to supplement her complaint. ECF 3. In so doing, the court noted the deficiencies in the complaint and provided an outline for correcting those deficiencies. *Id.*

Ms. Brown filed a supplemental complaint (ECF 4), along with an exhibit. ECF 4-1. She insists that the loan in issue is not hers, and that it has destroyed her credit for 20 years. ECF 4 at 5. Further, she asserts, *id.* at 7:

> One-Social Security number not correct-
> loan -(20)- loan - have paper work and Proop [sic] for these peron [sic] or personnel all the way back.
> Deal with and was stop and then they came back
> These personnel worked for Barclay Career School
> Meritor Bank also from the paper work.
> Paper work does have dates on them. Once again kept proof!

ECF 4 at 7.[1]

The court is mindful of its obligation to construe liberally the pleadings of a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations… It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989). A complaint fails to state a claim when viewing the factual allegations in the complaint as true and in the light most favorable to the plaintiff, the

---

[1] Ms. Brown seeks the cessation of the collection of $148.00 from her disability check, ECF 4 at 8.

complaint fails to contain enough facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570.

Ms. Brown was given a bite at the apple to cure the defects in her statement of claim. The noted deficiencies have not been corrected. Thus, the complaint must be dismissed, without prejudice, for failure to comply with court order. *See Goode v. Central Virginia Legal Aid Society, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015) (circuit court lacks appellate jurisdiction because litigant could amend the complaint to cure pleading deficiency; case remanded to allow litigant to file an amended complaint).

A separate Order follows.


Date: January 26, 2018                    _____/s/_____
                                          Ellen L. Hollander
                                          United States District Judge